IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-327-FL

| | |
|---|---|
| GERBER LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) ORDER |
| LATONYA W. MONTGOMERY-CAUDLE and TERRANCE MASON, | ) ) ) |
| Defendants. | ) |

This matter returns now to the court's attention upon request for entry of default, motion to deposit funds and, implicit in that motion, a request by plaintiff to be dismissed. For reasons given, plaintiff's various requests for relief find favor with the court.

BACKGROUND

This interpleader action was initiated by complaint filed May 6, 2013, with amended complaint following May 7, 2013. Defendant LaTonya Montgomery-Caudle was served with process pursuant to affidavit of service (DE 10), with responsive pleading due by June 3, 2013. No response was made. Plaintiff moved for entry of default against her July 22, 2013 (DE 17), which request the clerk granted August 21, 2013 (DE 26).

With regard to defendant Terrance Mason, plaintiff's efforts at serving him failed and plaintiff sought leave to serve this defendant by publication, which motion the court allowed June 17, 2013. On July 15, 2013, plaintiff filed an affidavit of service confirming that notice by

publication ran June 22, June 29, and July 6, 2013. No response timely was made, and as to this defendant plaintiff filed August 20, 2013, request for entry of default (DE 23). Plaintiff also filed a motion to deposit the proceeds at issue into the clerk's registry (DE 19). With no response having been received, that motion, too, is ripe now for decision.

Plaintiff also asserts entitlement in its pleading to dismissal from the action which involves disbursal of proceeds of an insurance policy which has multiple and adverse claimants named as defendants herein, both now having defaulted. Plaintiff desires to tender the remaining proceeds of the policy at issue, plus applicable interest, in the amount of $7,659.66, into the registry of this court, pursuant to Federal Rule of Civil Procedure 67 and Local Rule 67.1, and to have the clerk place the registry funds into an interest bearing account.[1]

DISCUSSION

Where the time for any response by Terrance Mason now has elapsed, request for entry of default against him is allowed. In light of the procedural posture of the case, defendants having admitted the allegations, the court is called to decide treatment of those proceeds in the amount of $7,659.66 which plaintiff stands ready to pay into the office of the clerk of court, and to be dismissed from the action.

The court declines to adopt that part of the request wherein plaintiff seeks the money to be deposited into an interest bearing account, where request also is made for the money to be deposited into the court's registry, which is a non-interest bearing United States Treasury account. In light of the amount at issue, and other circumstances, the most efficient manner of handling this

---

[1] In its motion filed July 26, 2013, plaintiff recites that a check number 403448846 in the amount of $7,659.66, represents the remaining insurance proceeds, plus interest and any applicable dividends. As noted, no response was made to this motion.

2

deposit is to take the money and place it into the court's registry fund. The court orders plaintiff to deliver to the clerk of court, to the attention of Ms. Sharon Dixon, a check in the amount of $7,659.66, within ten (10) days hereof, the turn-over of which will relieve the plaintiff of any further obligation of or related to the matter at issue. Upon the clerk's receipt of those funds, the clerk shall mark the docket to show plaintiff's dismissal.

Where both defendants have failed to respond, the court is called also to decide based on the allegations now admitted, the correct disbursement of the insurance proceeds. The balance of equities tips firmly in favor of defendant LaTonya Montgomery-Caudle, for reasons set forth in Request Letter dated January 4, 2013, included as attachment H to the amended complaint. The court awards defendant LaTonya Montgomery-Caudle those proceeds to be paid into the court's registry by plaintiff in the amount of $7,659.66.

The clerk also shall provide a courtesy copy of this order to Brett A. Lamborn, Captain, Judge Advocate, United States Army, Office of the Staff Judge Advocate, 1791 Gulick Avenue, Building 709, Fort Stewart, Georgia, 31314, who may act in that representational capacity demonstrated earlier, with regards to the Army's negotiations on behalf of defendant LaTonya Montgomery-Caudle directly with plaintiff, also to alert this defendant of the court's award. To claim these funds, notice is provided that defendant LaTonya Montgomery-Caudle will need to provide to the clerk proof of her identity, including a notarized statement with copy of a government issued identification card bearing her photograph, together with her current mailing address.

Whether this defendant claims the proceeds or not, is her choice in the matter, but her delay in making claim in accordance with the terms of this order ultimately may suggest abandonment. In any event, upon the clerk's receipt of the money herein ordered to be paid, where

plaintiff will be dismissed, and no issues will remain for this court to decide, the clerk is directed then to close the file.

CONCLUSION

For reasons given, plaintiff's request for entry of default (DE 23) is allowed, and its motion to deposit funds into the court's registry also is allowed. In accordance with this order, the clerk shall enter judgment dismissing plaintiff, and awarding defendant those proceeds to be paid into the court's registry by plaintiff in the amount of $7,659.66. Defendant Terrance Mason shall have and recover nothing. Plaintiff shall bear the costs of the action.

SO ORDERED, this the 23rd day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge